PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3224
_____


MIGUEL ANTONIO MIRAMBEAUX,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition For Review of an Order of the Board of
Immigration Appeals
(Agency No. A074 948 774)
Immigration Judge: Audra Behne
_____

Submitted July 9, 2020
_____


Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*.

(Opinion filed: October 2, 2020)

Jason S. Camilo
Suite 3A
330 Livingston Avenue
New Brunswick, NJ 08901
 *Attorney for Petitioner*

William P. Barr
Christina Greer
Joseph H. Hunt
Victor M. Lawrence, I
Patricia A. Smith
Jane T. Schaffner
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
 *Attorney for Respondent*

_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*.

 Miguel Antonio Mirambeaux petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision that his aggravated felony conviction rendered him ineligible for withholding of removal under the Immigration and Nationality Act ("INA"). Mirambeaux argues solely that the BIA erred in

upholding the IJ's denial of his motion for a continuance. We will dismiss the petition for lack of jurisdiction.

I.

Mirambeaux is a citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident on April 30, 1999. After an arrest in November 2008, Mirambeaux pled guilty to the distribution of a controlled dangerous substance in New Jersey Superior Court.

On November 15, 2018, the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") served Mirambeaux with a Notice to Appear ("NTA") before an IJ, charging him as removable pursuant to section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), for his controlled substance conviction, and section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an aggravated felon.

The hearings on Mirambeaux's removability took place over the course of several months with the first occurring on January 17, 2019, at which DHS presented proof of Mirambeaux's lawful permanent resident status and his 2009 Judgment of Conviction for distribution of a controlled dangerous substance. During a second hearing, on February 19, 2019, the IJ reviewed Mirambeaux's criminal record and sustained both charges for removal.

Mirambeaux then filed an application for withholding of removal under 8 U.S.C. § 1231(b)(3)[1] with the IJ on March

---

[1] *See* 8 U.S.C. § 1231(b)(3) ("The Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that

3

25, 2019. At that time, Mirambeaux declined to also seek protection under the Convention Against Torture ("CAT"). Along with his application, Mirambeaux submitted evidence to support his claim that he fears returning to the Dominican Republic "because of all the crime and violence" in that country.

Mirambeaux testified that his fears of returning to the Dominican Republic stemmed from the murders of three friends over the last ten years. He testified that he feared that the people who killed his friends may come after him upon his return. Ultimately he was not able to identify a specific person or group he feared, and merely referenced "[c]rime in general."[2]

Mirambeaux's final hearing took place on April 8, 2019, at which time Counsel made a request to *renew* a motion for a continuance as he required more time to gather support documents "given the short turnaround in this case."[3] The IJ recognized this as the first formal request for a continuance, not a renewal, and denied the motion.[4] In doing so, the IJ stated, "[t]his is a detained matter, counsel, and he's been detained for several months now. . . The Court does not see good cause why those documents have not been obtained at this point."[5]

---

country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.").
[2] AR 129.
[3] Pet. Br. 10-11 (citing AR 110).
[4] The parties dispute whether counsel's request at the April 8, 2019 hearing was the first or second continuance request.
[5] AR 110-11.

Ultimately, the IJ concluded that Mirambeaux's aggravated felony conviction left him statutorily ineligible for asylum, and ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3) and CAT.  In denying the application, the IJ noted that Mirambeaux could not specify who harmed his friends, and for what reason, nor was he able to establish that the Dominican Republic's government would not be able to protect him from potential future crimes.  Further, although the IJ acknowledged that Mirambeaux was not seeking CAT protection, the IJ concluded that Mirambeaux did not meet the burden for a deferral of removal under CAT as he had not shown "it is more likely than not he would be tortured if removed" to the Dominican Republic.[6]  The IJ then ordered his removal to the Dominican Republic.

Mirambeaux appealed the IJ's decision to the BIA, which affirmed the IJ's ruling on August 29, 2019.  Mirambeaux then filed a counseled petition for review, and a motion to stay removal, which the Government opposed.  Subsequently, the Government filed a motion to dismiss the petition for review for lack of jurisdiction, which Mirambeaux opposed.

II.

---

[6] 8 C.F.R. § 208.16(c)(2); App. 32-34; s*ee also Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002) ("An applicant for relief on the merits under [CAT] bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'") (quoting 8 C.F.R. § 208.16(c)(2)).

Mirambeaux petitions this Court for review on the sole issue of whether the BIA properly ruled that the IJ did not abuse her discretion in denying his motion for a continuance. This Court has jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). However, where a criminal alien is found removable due to an aggravated felony conviction, "our review of the agency's determination is limited to 'constitutional claims or questions of law.'"[7] This Court has previously held that "[t]he denial of a motion for a continuance is discretionary" and we have "no jurisdiction to review discretionary and factual determinations presented in petitions for review," even when they are couched as constitutional violations.[8]

In his opening brief, Mirambeaux styles his argument as a due process claim arguing that the speed of the proceedings before the IJ prevented him from having a full and fair hearing.[9] "We are not bound by the label attached by a party

---

[7] *Rachak v. Att'y Gen.,* 734 F.3d 214, 216 (3d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(2)(D)); *see Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008).

[8] *Rachak*, 734 F.3d at 216-17 (quoting *Jarbough v. Att'y Gen.*, 483 F.3d 184, 188 (3d Cir. 2007)).

[9] In support of his position that the Court has jurisdiction to hear his claim, Mirambeaux cites *Hashmi v. Attorney General*, 531 F.3d 256 (3d Cir. 2008). In *Hashmi* the Court reviewed the BIA's denial of a motion for a continuance for abuse of discretion, and vacated the BIA's decision after finding "the *sole* basis for the IJ's exercise of discretion was the IJ's perceived 'obligation[]' to 'manage [his] calendar[]' and 'complete cases within a reasonable period of time.'" *Id.* at 261 (emphasis in original). *Hashmi*, however, is distinguishable

to characterize a claim and will look beyond the label to analyze the substance of a claim."[10] Thus, we must evaluate whether Mirambeaux puts forth a colorable constitutional claim.[11]

As we have explained, "[t]o determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" [12] Here, Mirambeaux's claim of a constitutional violation is wholly insubstantial and frivolous. Although "[a]liens have a right to a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf . . . , [t]o prevail on a due process claim, the alien must show substantial prejudice."[13] Mirambeaux has not even attempted to show that the IJ's denial of a continuance prejudiced him or prevented him from reasonably presenting his case. In fact, Mirambeaux concedes that his "conviction constitutes an aggravated felony . . . prevent[ing] him from essentially all relief except for deferral of removal under CAT" and that he "could not show [at the time of his final hearing]

_____

from this case where the Court's jurisdiction is limited, pursuant to 8 U.S.C. § 1252(a)(2)(C)-(D), by Mirambeaux's status as an aggravated felon.

[10] *Jarbough*, 483 F.3d at 189.

[11] *Id.* ("Petitioners alleging 'constitutional claims' under § 1252(a)(2)(D) must, as a threshold, state a colorable violation of the United States Constitution.").

[12] *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 n.10 (2006)).

[13] *Jarbough*, 483 F.3d at 192 (internal quotations and citations omitted).

that there was any indication 'it is more likely than not that he would be tortured if removed' to the Dominican Republic."[14] Furthermore, Mirambeaux does not attempt to argue that he would have been able to make such a showing if a continuance had been granted. Instead, he admits that "[i]t is not known if [he] could make such a showing in the future."[15] Ultimately, Mirambeaux's abandonment of any attempt to show substantial prejudice renders any due process claim wholly insubstantial and frivolous.

Next, in his reply brief, Mirambeaux argues that even if he cannot make out a constitutional claim, under the Supreme Court's recent holding in *Guerrero-Lasprilla v. Barr*,[16] this case involves a "question of law" within the meaning of 8 U.S.C. § 1252(a)(2)(D). In *Guerrero-Lasprilla*, the Court considered whether denials of motions to reopen removal proceedings based on equitable tolling are reviewable by courts of appeals under § 1252(a)(2)(D). Ultimately, the Court held that they are, noting that the exception for "'questions of law' includes the application of a legal standard to undisputed or established facts."[17] We decline Petitioner's invitation to extend that holding to overturn our conclusion in *Rachak*, that we lack jurisdiction to review the denial of a continuance.[18] Unlike the standard for equitable tolling involved in *Guerrero-Lasprilla*, the denial of a continuance is a discretionary

---

[14] Pet. Br. 23 (quoting 8 C.F.R. § 1208.17).
[15] *Id.*
[16] 140 S. Ct. 1062 (2020).
[17] *Guerrero-Lasprilla*, 140 S. Ct. at 1068.
[18] *Rachak*, 734 F.3d at 216-17.

8

decision, [19] which does not raise a constitutional claim or question of law. [20]

For those reasons, we conclude that Mirambeaux has failed to state a colorable constitutional claim or question of law within the meaning of 8 U.S.C. § 1252(a)(2)(C)-(D).

Finally, Mirambeaux argues that this Court has jurisdiction to review his claim under the Supreme Court's recent decision in *Nasrallah v. Barr*, in which the Court held that § 1252(a)(2)(C)-(D) does not preclude judicial review of a noncitizen's factual challenges to a CAT order. [21] Mirambeaux, however, never sought deferral of removal under CAT before the IJ and did not challenge the IJ's determination that he had not established eligibility for such relief on appeal before the BIA. For that reason, the BIA considered the issue waived. Accordingly, Mirambeaux's deferral of removal CAT claim is unexhausted, and this Court has no jurisdiction over

---

[19] Challenges to an IJ's denial of a continuance are reviewed for abuse of discretion. *See Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006).

[20] *See Galeano-Romero v. Barr*, No. 19-9585, 2020 WL 4458998, at *4 (10th Cir. Aug. 4, 2020) (distinguishing *Guerrero-Lasprilla* and concluding that the Court did not have jurisdiction to review the Board's discretionary determination as to degree of hardship and noting that that "the Board's discretionary determinations . . . do not raise 'questions of law' for purposes of § 1252(a)(2)(D), even if framed as a challenge to the application of a legal standard to established facts under *Guerrero-Lasprilla*").

[21] 140 S. Ct. 1683, 1692 (2020).

his continuance claims on that foundation. [22] Similarly, Mirambeaux did not seek withholding of removal under CAT before the IJ, conceded, in his opening brief before this Court, that he is statutorily ineligible for such relief, and does not seek to appeal that determination. Based on that concession, we consider any withholding of removal claim under CAT waived. For those reasons, we reject Petitioner's argument that, under *Nasrallah*, we have jurisdiction to address the merits of his continuance arguments on the basis of deferral of removal or withholding claims under CAT.

In sum, we conclude that we have no jurisdiction to review the IJ's discretionary denial of a continuance.[23] Thus, we will dismiss the petition for review.

---

[22] *See* 8 U.S.C. § 1252(d)(1); *see also Bejar v. Ashcroft*, 324 F.3d 127, 132 (3d Cir. 2003).

[23] *Rachak*, 734 F.3d at 216-17.