**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3335
_____

OLAJIDE ABRAHAM EYITAYO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-630-931)
Immigration Judge:  Alice Song Hartye
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2022
Before:  MCKEE, SHWARTZ, and MATEY, <u>Circuit Judges</u>

(Opinion filed: September 29, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Olajide Abraham Eyitayo petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) order of removal. For the reasons that follow, we will dismiss the petition for lack of jurisdiction. Eyitayo, a native of Nigeria and a citizen of both Nigeria and the United Kingdom, entered the United States in 1995 and became a lawful permanent resident in 2002. In 2018, he was convicted of wire fraud and charged with removability as an alien convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). Eyitayo conceded the charge, but requested a continuance to pursue readjustment of status, in conjunction with a waiver of inadmissibility under 8 U.S.C. § 1182(h), based on his U.S. citizen wife's I-130 Petition for Alien Relative filed with the U.S. Citizenship and Immigration Services (USCIS).[1] The Department of Homeland Security (DHS) requested an expedited adjudication of the I-130 petition, and the immigration proceedings were continued numerous times, including twice after the USCIS issued a notice of intent to deny the petition because of questions regarding the bona fides of Eyitayo's marriage. At the eighth and final immigration hearing on April 19, 2021, Eyitayo's counsel stated that USCIS had denied the I-130 petition but that an appeal was pending. The Government opposed any further continuance. The IJ determined

---

[1] If approved, an I-130 petition can serve as the basis for an alien's application for adjustment of status based on marriage to a U.S. citizen. See 8 U.S.C. § 1255(a); Robinson v. Napolitano, 554 F.3d 358, 361 (3d Cir. 2009).

that there was no "good cause" for continuing the matter and entered an order of removal. See 8 C.F.R. § 1003.29.

On appeal, the BIA affirmed, agreeing with the IJ that Eyitayo had failed to show good cause for a continuance. The BIA emphasized that the visa petition had been denied, and that Eyitayo "ha[d] not identified the exact basis for the visa petition's denial" or presented "documentary evidence" to suggest that USCIS would reverse the decision on appeal. A.R. at 3; see In re L-A-B-R-, 27 I. & N. Dec. 405, 406 (Att'y Gen. 2018) (clarifying that an IJ's "principal focus" in determining whether to grant a continuance is the likelihood that the underlying visa petition "will be granted and will materially affect the outcome of the removal proceedings"); In re Sanchez Sosa, 25 I. & N. Dec. 807, 812 (BIA 2012) (emphasizing that the IJ should consider "whether the underlying petition is prima facie approvable").

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal. While generally we lack jurisdiction over a petition for review if the alien is removable due to an aggravated felony conviction, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over colorable constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012).[2] We agree with the Government that the petition for review fails to present a claim within our circumscribed jurisdiction.

_____

[2] Eyitayo conceded removability before the IJ, did not challenge that decision before the BIA, and has not meaningfully addressed the issue in his brief, and we therefore will not consider it further. See United States v. Heatherly, 985 F.3d 254, 270 (3d Cir. 2021)

Eyitayo argues in his brief that the IJ violated his due process rights by denying him a further continuance when the USCIS had "frivolously denied" his wife's I-130 petition and an appeal was pending. See Petitioner's Br. at 9. We have recognized that, generally, "the denial of a continuance is a discretionary decision, which does not raise a constitutional claim or question of law." Mirambeaux v. Att'y Gen., 977 F.3d 288, 293 (3d Cir. 2020). Although we have suggested that a denial of a continuance could, in certain circumstances, violate due process, see Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), Eyitayo fails to articulate a colorable due process violation. See Mirambeaux, 977 F.3d at 292 (noting that the Court is "not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim" (quotation marks omitted)). Specifically, Eyitayo does not allege how his due process rights were violated, other than to object to the way that the IJ exercised her discretion in determining that good cause was lacking for a continuance, nor is a due process claim evident from the record. See Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007) (noting that "[r]ecasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under [§ 1252(a)(2)(D)]"); see also Hassan v. INS, 110 F.3d 490, 494 n.6 (7th Cir. 1997)

---

(deeming forfeited arguments that were not properly developed in the appellants' opening briefs).

(holding that "the BIA does not violate due process by upholding a deportation order even though the appeal of a related visa petition is pending").[3]

Moreover, he does not even attempt to show how he was prejudiced by the denial of a continuance. See Mirambeaux, 977 F.3d at 293 (noting that such a failure renders a due process claim "wholly insubstantial and frivolous"). Accordingly, because it is not colorable, Eyitayo's due process claim falls outside the scope of our jurisdiction.

Based on the foregoing, we will dismiss the petition for review for lack of jurisdiction.

---

[3] Contrary to Eyitayo's claim, the BIA did not fail to address his due process argument. See A.R. at 4. The BIA specifically found that Eyitayo could not establish that he was prejudiced by the IJ's denial of the continuance because he failed to provide a copy of the USCIS's decision denying the I-130 petition or a "complete copy of his spouse's appellate filings" in support of his argument that she would prevail on appeal. Id.