NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2001
_____

JUAN LOPEZ PEREZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A078-428-207)
Immigration Judge: Tamar H. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on January 30, 2024

Before:  CHAGARES, *Chief Judge*, RESTREPO, and FREEMAN, *Circuit Judges*

(Filed: June 14, 2024)
_____

OPINION**
_____

RESTREPO, *Circuit Judge*

Juan Lopez Perez, a native and citizen of Mexico, petitions for review of the

_____

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

decision of the Board of Immigration Appeals ("BIA") that affirmed the denial of his request for cancellation of removal under 8 U.S.C. § 1229b(b)(1) by the Immigration Judge ("IJ"). The BIA found that Mr. Lopez failed to demonstrate the requisite exceptional and extremely unusual hardship to his qualifying relatives. Because we lack jurisdiction over the denial of Mr. Lopez's cancellation claim, we dismiss the petition for review.

## I.

Mr. Lopez arrived in the United States in 2001 and settled in New Brunswick, New Jersey. On August 8, 2013, the Department of Homeland Security ("DHS") issued a Notice to Appear charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without admission or parole. Mr. Lopez conceded the charge of removability at a hearing before the IJ on August 20, 2013.

Mr. Lopez then filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents based on his claim of exceptional and extremely unusual hardship to his three minor United States citizen children if he were removed. He submitted evidence and testified in support of his application. At the conclusion of the July 22, 2019 hearing, the IJ issued an oral decision denying Mr. Lopez's cancellation-of-removal application. The IJ acknowledged that the relevant issue in dispute was whether Mr. Lopez had met his burden of proof to demonstrate exceptional and extremely unusual hardship to qualifying relatives in the event of his removal. After considering the evidence and making factual findings, the IJ concluded

2

that Mr. Lopez had not met his burden. Therefore, the IJ denied the application for cancellation of removal and ordered his removal to Mexico based on the charges in the Notice to Appear.

On de novo review, the BIA agreed with the IJ. Accordingly, the BIA affirmed the IJ's denial of the application for cancellation of removal and dismissed the appeal. Mr. Lopez then filed this petition for review.

**II.**

We are vested with jurisdiction to review final orders from the BIA under 8 U.S.C. § 1252(a). We review the BIA's opinion, as well as the parts of the IJ's opinion adopted by the BIA. *Patel v. Att'y Gen.*, 599 F.3d 295, 297 (3d Cir. 2010).

To be eligible for hardship-based cancellation of removal, a petitioner: (1) must have been continuously present in the United States for at least 10 years; (2) must be a person of good moral character; (3) must not have been convicted of an offense that bars such discretionary relief (e.g., an aggravated felony); and (4) must show "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or" a lawful permanent resident. 8 U.S.C. § 1229b(b)(1). A finding of statutory eligibility then permits the IJ to grant or deny relief as a matter of discretion. 8 C.F.R. § 1240.8(d).

"We lack jurisdiction to review discretionary denials of relief under § 1229b." *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). "And whether hardship is 'exceptional and extremely unusual' 'is a quintessential discretionary judgment' over which we lack jurisdiction." *Id.* (quoting §

3

1229b(b)(1)(D), and *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178–79 (3d Cir. 2003), respectively).[1] "But we retain jurisdiction over 'constitutional claims or questions of law,'" *id*. (quoting § 1252(a)(2)(D)), which we review de novo, *see Dutton-Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

The agency denied Mr. Lopez's application for cancellation of removal because he did not establish that his removal to Mexico would result in exceptional and extremely unusual hardship to his qualifying relatives. Mr. Lopez argues that the IJ's decision issued insufficient findings of fact regarding pertinent evidence and credible testimony in the record, and that the BIA erred because it relied on the factual findings of the IJ. But those arguments do not properly invoke our limited jurisdiction to review colorable constitutional claims and questions of law.[2] Rather, in substance Mr. Lopez raises

---

[1] During the pendency of this appeal, we asked the parties to address whether the Supreme Court's then-forthcoming decision in *Wilkinson v. Garland*, 144 S. Ct. 780 (2024), might be pertinent to our resolution of this case. In *Wilkinson*, the issue was whether the agency's application of law to *undisputed* facts was a discretionary judgment and therefore unreviewable under the INA. Ultimately, the *Wilkinson* Court held that the agency's application of law in *that* scenario was reviewable as a non-discretionary judgment, *see id.* at 785, but it reaffirmed that challenges to agency fact-finding are still excluded from review as discretionary, *see id.* at 792. In this case, Mr. Lopez's petition involves a challenge to the agency's fact-finding. We thus agree with the parties that *Wilkinson* does not affect our disposition.

[2] Regardless, the IJ issued extensive factual findings as to all three of Lopez's children and concluded Lopez had "not shown that any of the qualifying relatives will suffer hardship that is substantially different from or beyond that which would normally be expected when a family member is deported." A.R. 69. And even if Lopez had asserted a colorable constitutional claim or question of law, he still has not shown (nor attempted to show, in his opening brief) how he was substantially prejudiced or how the outcome of the proceedings would have been different had the IJ relied upon his preferred findings of fact. *See Mirambeaux v. Att'y Gen.*, 977 F.3d 288, 293 (3d Cir.

challenges to the BIA's discretionary denial of relief, which we lack jurisdiction to consider.

## III.

For the foregoing reasons, we dismiss Mr. Lopez's petition for review.

---

2020) ("Ultimately, [the petitioner]'s abandonment of any attempt to show substantial prejudice renders any due process claim wholly insubstantial and frivolous.").