**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2426
_____

BOANEGRES ISAIAS CASAMALHUAPA MORALES,
Petitioner

V.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. A030-358-309)
Immigration Judge:  Tamar H. Wilson

_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 11, 2024

_____

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>.

(Filed: July 17, 2024)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Boanegres Isaias Casamalhuapa Morales seeks review of the Board of Immigration Appeals ("BIA") order dismissing his appeal of a final order of removal. For the following reasons, we will deny the petition.

I

Casamalhuapa, a native and citizen of El Salvador, was admitted to the United States as a lawful permanent resident. In 2006, he was convicted of endangering the welfare of children in the third degree, in violation of N.J. Stat. Ann. § 2C:24-4(a). The crimes occurred on different dates in the late 1980s and mid-1990s and involved two different girls. He was sentenced to 364 days in jail, five years' probation, and lifetime community supervision.

Casamalhuapa was thereafter charged as removable under 8 U.S.C. § 1227(a)(2) as a noncitizen convicted of (1) two crimes involving moral turpitude ("CIMT") not arising out of a single scheme of criminal misconduct, 8 U.S.C. § 1227(a)(2)(A)(ii); (2) an aggravated felony for the murder, rape, or sexual abuse of a minor, 8 U.S.C. § 1227(a)(2)(A)(iii); and (3) the crime of child abuse, child neglect, or child abandonment ("crime of child abuse"), 8 U.S.C. § 1227(a)(2)(E)(i). Casamalhuapa appeared before an Immigration Judge ("IJ"), denied all removability charges, and moved to terminate the proceedings, arguing that his convictions did not categorically qualify as CIMTs, aggravated felonies, or crimes of child abuse. The IJ sustained the CIMT and child abuse removability charges, but not the aggravated felony charge.

Casamalhuapa then applied for cancellation of removal, asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). After hearing Casamalhuapa's testimony, the IJ denied his applications for relief because his crimes of conviction are CIMTs and crimes of child abuse, and constitute particularly serious crimes.[1] The BIA dismissed his appeal. Casamalhuapa petitioned for review and we granted the Government's motion to remand to allow the BIA to consider the divisibility of N.J. Stat. Ann. § 2C:24-4(a) in light of Mathis v. United States, 579 U.S. 500 (2016). On remand, the BIA dismissed the appeal, holding, as relevant here, that (1) N.J. Stat. Ann. § 2C:24-4(a) was divisible in that it set forth two crimes, one based on sexual conduct and a second based on abuse or neglect; (2) the relevant documents showed Casamalhuapa was convicted of engaging in sexual conduct which would "impair or debauch the morals of the child"; (3) this crime is a categorical match with the crime of child abuse and CIMT; and (4) the IJ did not need to consider the statute's divisibility to determine whether the crime of conviction was a "particularly serious crime." Casamalhuapa petitions for review.

---

[1] The IJ also held that Casamalhuapa did not warrant a favorable exercise of discretion for his cancellation of removal application and that he was not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured in El Salvador were he removed.

II[2]

A

To decide whether a state conviction qualifies as a basis for removal, we must examine whether the state offense matches an offense listed under the INA. Nunez v. Att'y Gen., 35 F.4th 134, 139 (3d Cir. 2022). This so-called "categorical approach" requires that we consider only the elements of the crime of conviction. Id. (quoting Moncrieffe v. Holder, 569 U.S. 184, 190 (2013); Cabeda v. Att'y Gen., 971 F.3d 165, 167 (3d Cir. 2020)). If "the minimum proof required for the state offense . . . satisf[ies] each element of the federal generic definition," then the two offenses are a "categorical match," and no further analysis is necessary. K.A. v. Att'y Gen., 997 F.3d 99, 109 (3d Cir. 2021). Some statutes contain multiple crimes and others list different means to commit the same crime. Mathis, 579 U.S. at 504-05. For statutes that contain multiple crimes, we must determine which of those crimes was the basis for the conviction. Id.

Casamalhuapa was convicted of violating N.J. Stat. Ann. § 2C:24-4(a). The BIA relied on the version of the statute in effect in 2006, which was the year of conviction. That version of the statute provided:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which

---

[2] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a). Where, as here, the BIA affirms the IJ's decision and adds its own analysis, "we review both the IJ's and the BIA's decisions, referring to the BIA's opinion 'generally' and to the IJ's opinion 'when necessary.'" Luziga v. Att'y Gen., 937 F.3d 244, 251 (3d Cir. 2019) (internal citation omitted). We review the BIA's legal determinations de novo, Nunez, 35 F.4th at 139.

4

would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child . . . is guilty of a crime of the second degree.

N.J. Stat. Ann. § 2C:24-4(a).[3] The statute has two clauses, separated by "or." More specifically, the statute makes it a crime to: (1) engage in sexual conduct which

---

[3] No party challenges the BIA's reliance on the 2006 version of the statute but reliance on it may have been error as the crimes occurred in the 1980s and 1990s, and other versions of the statute were in effect at those times. See Spanier v. Dir. Dauphin Cnty. Prob. Servs., 981 F.3d 213, 222 (3d Cir. 2020) ("The Due Process Clause requires that a criminal statute 'give fair warning of the conduct that it makes a crime.'" (citation omitted)); but see McNeill v. United States, 563 U.S. 816, 818, 820 (2011) (consulting, in an Armed Career Criminal Act case, the 1994 statutes and penalties in effect at the time the defendant was convicted for crimes he committed between 1991 and 1994). Even if so, the error is harmless, see Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[H]armless error analysis . . . appl[ies] in immigration cases," and an error is harmless "when it is highly probable that [it] did not affect the outcome of the case."), as the relevant language of the 2006 version is nearly identical to the language of the 1984 and 1995 versions. Compare N.J. Stat. Ann. § 2C:24-4(a) (effective Jan. 17, 1984, to Apr. 2, 1992) ("Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child as defined in R.S.9:6-1, R.S.9:6-3 and P.L.1974, c.119. s.1 (C.9:6-8.21) is guilty of a crime of the third degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the fourth degree."), and N.J. Stat. Ann. § 2C:24-4(a) (effective June 1, 1995, to May 1, 1999) (providing the same, but replacing, from the 1984 version, "third degree" with "second degree" and "fourth degree" with "third degree"), with N.J. Stat. Ann. § 2C:24-4(a) (the 2006 version) (identical to the 1995 version). The only difference between the current version of the statute, see N.J. Stat. Ann. § 2C:24-4(a) (effective Feb. 1, 2018), and that of the 1995 and 2006 versions is the formatting, which divides the alternative types of conduct into statutory subsections. See N.J. Comm. Rep., 2012 N.J. Sen. B. No. 2493, N.J. 215th Leg. - 2d Ann. Sess. (June 6, 2013); Assemb. Comm. Statement, 215th Leg., Assemb. B. 3735 (June 6, 2013) (showing the division of the statute into these subparts by the New Jersey legislature in 2013).

would impair or debauch the moral of the child ("the sexual conduct alternative"),

or (2) cause a child harm that would make the child an abused or neglected child

("the abused child alternative"). The disjunctive "or" as well as the different

conduct described demonstrate that the statute contains two crimes. See United

States v. Williams, 898 F.3d 323, 333 (3d Cir. 2018) (deeming a statute with a

disjunctive "or" divisible because it "proscribes two alternative forms of conduct:

either racketeering activity or the collection of unlawful debt" (emphasis omitted)).

Based on this text, the statute is divisible.[4]

Because the statute contains more than one crime, we must identify the part of the

statute that formed the basis for the conviction. To do so, we apply the modified

categorical approach, which allows us to look at "a limited class of documents" to

determine under which alternative element was at issue. See Mathis, 579 U.S. at 505-06;

Descamps v. United States, 570 U.S. 254, 257 (2013). Casamalhuapa does not contest

---

[4] Other sources also show that the statute is divisible. For example, (1) New Jersey caselaw distinguishes between the two alternatives, see State v. Hackett, 764 A.2d 421, 430-31 (N.J. 2001) (discussing, in a case involving a version of § 2C:24-4(a) with language identical to the 1995 version, the elements of the crime focused solely on the sexual conduct alternative); and (2) the model jury instructions of § 2C:24-4(a) provide two distinct alternative elements for both the types of conduct mentioned in the statute— either "sexual conduct" or conduct that "would make the child abused or neglected"— and types of harm—sexual "conduct which would impair or debauch the morals of the victim" or "conduct [that] would cause the victim harm that would make the victim abused or neglected," see N.J. Criminal Jury Instructions, 2C:24-4(a) (approved Nov. 10, 2003, when the language of the statute matched the version under which Casamalhuapa was convicted).

6

that the record here, including the indictment, demonstrates that he was convicted of the sexual conduct alternative of § 2C:24-4(a).

We next consider whether the sexual conduct alternative of § 2C:24-4(a) categorically constitutes a crime of "child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i). Under the INA, child abuse includes "mental or emotional harm, including acts injurious to morals," Mondragon-Gonzalez v. Att'y Gen., 884 F.3d 155, 159 (3d Cir. 2018) (citation omitted), and the statute's reference to "the morals of [a] child" addresses the type of harm contemplated by the INA. Nunez, 35 F.4th at 139-41. The sexual conduct alternative of the statute, which expressly addresses conduct that would "impair or debauch the moral of the child," is a categorial match to

the offense of child abuse under the INA, and the BIA correctly held that Casamalhuapa's sexual conduct alternative conviction makes him removable.[5]

B[6]

Casamalhuapa is ineligible for asylum and withholding of removal under both the INA and the CAT because he was convicted of a particularly serious crime. See 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal under the INA); 8 C.F.R. § 1208.16(d)(2) (withholding of removal under the CAT). IJs have "broad discretion to determine whether a prior conviction is a particularly serious crime, through a case-by-case adjudication." Grijalva Martinez v. Att'y Gen., 978 F.3d 860, 870 (3d Cir. 2020) (internal quotation marks and citation omitted). This requires the IJ to consider whether the offense's elements "potentially bring the crime into a category of

---

[5] Casamalhuapa asserts that the BIA should have addressed the IJ's CIMT finding because if his offenses were not deemed CIMTs, he could have applied for adjustment of status. This argument does not provide him a basis for relief. First, Casamalhuapa did not raise this argument before the IJ and, therefore, his request for adjustment of status was not exhausted. See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right."); Mirambeaux v. Att'y Gen. United States, 977 F.3d 288, 293-94 (3d Cir. 2020) (deeming CAT claim unexhausted where the petitioner did not challenge the IJ's CAT denial before the BIA). Second, the BIA could not grant Casamalhuapa an adjustment of status because the crime of conviction constituted a CIMT as it was a conviction for sexual conduct with a minor, which is depraved. Thus, the BIA's analysis would have been futile. See Grijalva Martinez v. Att'y Gen., 978 F.3d 860, 865 n.3 (3d Cir. 2020) (noting that "we may forgo review" of a challenged removability ground where two removability grounds were established, "if review would be 'futile'" (quoting Ricketts v. Att'y Gen., 955 F.3d 348, 351 (3d Cir. 2020))).

[6] We review particularly serious crime determinations de novo. Luziga, 937 F.3d at 252 n.9.

8

particularly serious crimes." Luziga v. Att'y Gen. United States, 937 F.3d 244, 253 (3d Cir. 2019) (citation omitted). If so, the IJ then considers "all reliable information[,] . . . including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction." Id. (alteration in original). Contrary to Casamalhuapa's assertion, this analysis does not require the BIA to consider whether the statute embodying the crime of conviction is divisible. Cf. Bastardo-Vale v. Att'y Gen. United States, 934 F.3d 255, 266 (3d Cir. 2019) (en banc) (holding that particularly serious crimes are not limited to the elements of the crime but rather, determined on a "case-by-case basis"). Because Casamalhuapa does not contend that the IJ improperly conducted this analysis, and, given that he engaged in sexual offenses with two of his nieces who were five and seven years old at the time of the crimes, and received a jail sentence and lifetime supervision, we will leave undisturbed the BIA's conclusion that he committed a particularly serious crime.

III

For these reasons, we will deny the petition for review.