**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2210
_____

GREGORY IFESINACHI EZEANI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A204-135-910)
Immigration Judge: Tamar Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: October 21, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gregory Ifesinachi Ezeani, a citizen of Nigeria who is proceeding pro se, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition.

Ezeani entered the United States as a nonimmigrant student in 2010. Approximately one year later, his status was terminated. Over the next several years, he unsuccessfully attempted to adjust his status.[1] In March 2015, a Petition for Alien Relative (Form I-130) was filed on his behalf based on his marriage to a U.S. citizen. While that petition was pending, Ezeani traveled to Canada. When he sought to reenter the United States, he was designated as an "arriving alien" and paroled into the country for one year to pursue adjustment of status. In May 2017, U.S. Citizenship and Immigration Services ("USCIS") denied the pending I-130 petition based on marriage fraud.

In May 2019, the Department of Homeland Security (DHS) issued a Notice to Appear charging Ezeani with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a noncitizen not in possession of a valid entry document. Ezeani, through counsel, conceded that he was removable but filed an application for special rule cancellation of removal as a battered spouse under 8 U.S.C. § 1229b(b)(2). At a hearing before an Immigration Judge (IJ), he testified that his ex-wife abused him by having extra-marital

---

[1] Specifically, in July 2012, he filed an Application to Register Permanent Residence or Adjust Status (Form I-485); in November 2014, he filed a Petition for Amerasian, Widow(er) or Special Immigrant with USCIS (Form I-360), which allows a battered spouse to self-petition; and in May 2017, he filed a second I-360 petition. USCIS denied each of these petitions.

2

affairs. The IJ denied the application on the ground that Ezeani failed to show that he had been battered or subjected to "extreme cruelty," as required under § 1229b(b)(2)(A)(i).

The BIA dismissed Ezeani's appeal. It concluded that there was no merit to his arguments that the IJ: failed to place the burden of proof on DHS to establish his inadmissibility; lacked jurisdiction over his removal proceedings because he was actively appealing the denial of the I-130 petition; and violated his due process rights and was biased against him. The BIA also held that Ezeani did not meaningfully challenge the IJ's finding that he did not show that he was battered or subjected to extreme cruelty. Ezeani timely filed a pro se petition for review.[2]

We begin by noting that Ezeani does not challenge the agency's allocation of the burden of proof for inadmissibility. Accordingly, we cannot review that determination. M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief); see also Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010). Ezeani does assert that he was not inadmissible because of a pending appeal from the denial of his second I-360 petition. But he has cited no authority indicating that a pending I-360 petition directly affects admissibility. Cf. Hassan v. INS, 110 F.3d 490, 494 n.6 (7th Cir. 1997) (holding that "the BIA does not violate due process by upholding a deportation order even though the appeal of a related visa petition is pending"); In re Aurelio, 19 I. & N. Dec. 458, 460 (BIA 1987) (noting that "[t]he proceedings in which visa petitions are

---

[2] We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1).

3

adjudicated are separate and apart from exclusion and deportation proceedings").

In his brief, Ezeani primarily argues that the IJ violated his due process rights by "suppress[ing]" a social worker's report that supported his claim that he suffered extreme cruelty as a result of his wife's affairs. But, as the Government accurately observes, Ezeani did not present this argument on appeal to the Board. Indeed, after "examining the pleadings expansively," Zhi Fei Liao v. Att'y Gen., 910 F.3d 714, 718 n.4 (3d Cir. 2018), we conclude that Ezeani failed to argue to the BIA that the IJ ignored the social worker's report or otherwise erred in concluding that Ezeani failed to show that he was battered or subjected to extreme cruelty. Under these circumstances, we cannot reach the issue. See 8 U.S.C. § 1252(d)(1) (providing that a court may review final order of removal only if "the alien has exhausted all administrative remedies available to the [non-citizen] as of right"); Santos-Zacaria v. Garland, 598 U.S. 411, 419 (2023) (holding that § 1252(d)(1) is a non-jurisdictional but mandatory claims-processing rule).

Finally, Ezeani suggests that his due process rights were violated because the IJ was biased against him. In particular, he claimed that the IJ "force[d]" him "to accept voluntary departure." The Immigration Judge declined to grant voluntary departure because Ezeani had stated that he did "not have the funds to go back to Nigeria." That ruling comports with 8 U.S.C. § 1229c(a)(1) (providing for voluntary departure "at the alien's own expense"), and there is no indication that Ezeani was denied "a full and fair hearing" or that he suffered "substantial prejudice" as a result. See Mirambeaux v. Att'y Gen., 977 F.3d 288, 292 (3d Cir. 2020) (quotation marks omitted); see also 8 U.S.C. § 1229c(a)(1) (providing for voluntary departure "at the alien's own expense").

4

Furthermore, our review of the hearing transcripts reveals no indication that the IJ was biased against Ezeani.  See Serrano-Alberto v. Att'y Gen., 859 F.3d 208, 221-25 (3d Cir. 2017) (discussing when an IJ's behavior can violate due process).

For the foregoing reasons, we will deny the petition for review.