**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2715
_____

LUIS RAMON DE LA CRUZ-LEONARDO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045-451-584)
Immigration Judge:  William McDermott

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 16, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

Luis Ramon De La Cruz-Leonardo, a citizen of the Dominican Republic, petitions

for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of an Immigration Judge's denial of his motion for reconsideration. For the following reasons, we will deny the petition for review in part and dismiss it in part.

De La Cruz-Leonardo was admitted to the United States in 1996 as a conditional resident. He later became a lawful permanent resident. In 2023, De La Cruz-Leonardo was convicted in federal court of possession with intent to distribute cocaine. Thereafter, the Government charged De La Cruz-Leonardo with removability for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance), 8 U.S.C. § 1227(a)(2)(A)(iii), and for having been convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i).[1]

Proceeding pro se, De La Cruz-Leonardo applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. After granting two of De La Cruz-Leonardo's requests for continuances, the Immigration Judge scheduled a merits hearing for April 9, 2024. De La Cruz-Leonardo moved for another continuance. The IJ denied that request on January 5, 2024, noting that the case had already been continued twice, that De La Cruz-Leonardo had been given around five months to prepare for the hearing, that he had already applied for relief, and that he did not provide a reason why a continuance was needed.

Following the merits hearing, the IJ sustained the charges of removability, denied De La Cruz-Leonardo's applications for relief, and ordered that he be removed to the

---

[1] We note that De La Cruz-Leonardo's conviction remained final for immigration purposes despite the pendency of any collateral attack. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Dominican Republic. That decision, issued on April 16, 2024, notified De La Cruz-Leonardo that his appeal was due by May 16, 2024. Although De La Cruz-Leonardo reserved his right to appeal, he did not file a timely appeal.

Instead, on May 10, 2024, De La Cruz-Leonardo asked the IJ to reconsider the decision, arguing that his request for a continuance was "never addressed by the court in my hearing" and asking that the IJ "formally issue a written decision to accompany the oral decision so that [he] can preserve his appeal rights." The IJ denied the motion on May 16, 2024, noting that he had rejected De La Cruz-Leonardo's motion for a continuance in the order of January 5, and had done so again at the merits hearing in response to De La Cruz-Leonardo's renewed request. The IJ also stated that he would not provide De La Cruz-Leonardo "with a written decision in addition to the previously provided oral decision."[2]

On June 5, 2024, De La Cruz-Leonardo filed an appeal with the BIA, seeking review of the IJ's original removal order of April 16, 2024, and the IJ's May 16, 2024, denial of his motion for reconsideration. The Government filed a motion for summary affirmance. Thereafter, De La Cruz-Leonardo submitted a brief in support of his appeal. The Board dismissed the appeal, holding that De La Cruz-Leonardo did not properly appeal the IJ's order of April 16, 2024, and that he did not establish any error in the IJ's denial of his request for a continuance. De La Cruz-Leonardo filed a pro se petition for

---

[2] The IJ had issued an "Order" summarizing the oral decision, but the record did not contain a copy of the oral decision until it was produced following our grant of De La Cruz-Leonardo's motion for transcripts.

3

review.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's decision dismissing the appeal of the IJ's denial of the motion to reconsider.[3] See Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005) (noting that denial of a motion to reconsider is reviewed for abuse of discretion). Because De La Cruz-Leonardo is removable for having committed an offense identified in § 1252(a)(2)(C), our jurisdiction is limited to constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005); see also 8 U.S.C. § 1252(a)(2)(D).

In his brief, De La Cruz-Leonardo argues that the "Board clearly violated [his] right of due process" "[b]y summarily dismissing the case." This allegation, read in context and liberally construed, pertains to the Board's conclusion that he did not properly appeal the order of April 16, 2024. The record indicates that De La Cruz-Leonardo attempted to file a timely notice of appeal from that decision, but that the BIA rejected it because he did not pay the fees or move for a fee waiver. The regulations regarding appeals to the BIA state that a "Notice of Appeal (Form EOIR-26) must be

---

[3] We cannot, however, reach De La Cruz-Leonardo's challenges to the IJ's order of April 16, 2024, which sustained the charges of removability, denied his applications for relief, and ordered that he be removed to the Dominican Republic. See 8 U.S.C. § 1252(d)(1) (providing that a court may review final order of removal only if "the alien has exhausted all administrative remedies available to the [non-citizen] as of right"); Santos-Zacaria v. Garland, 598 U.S. 411, 419 (2023) (holding that § 1252(d)(1) is a non-jurisdictional but mandatory claims-processing rule). As the Government argues, De La Cruz-Leonardo did not exhaust those challenges by appealing the IJ's ruling to the BIA, nor has he explained why he could not have raised his claims in such an appeal.

accompanied by the appropriate fee or by an Appeal Fee Waiver Request (Form EOIR-26A)." 8 C.F.R. § 1003.38(d). In addition, "[a]n appeal is not properly filed unless it is received at the Board, along with all required documents, fees or fee waiver requests, and proof of service, within the time specified in the governing sections of this chapter." 8 C.F.R. § 1003.3(a)(1). De La Cruz-Leonardo does not allege that he submitted the fee or a fee waiver request. Accordingly, the BIA did not violate his due process rights by concluding that he failed to properly appeal from the order entered on April 16, 2024.[4]

To the extent that De La Cruz-Leonardo challenges the denial of his request for a continuance, we lack jurisdiction. Generally, "the denial of a continuance is a discretionary decision, which does not raise a constitutional claim or question of law." Mirambeaux v. Att'y Gen., 977 F.3d 288, 293 (3d Cir. 2020). Although a denial of a continuance arguably could, in certain circumstances, violate due process, see Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), De La Cruz-Leonardo has not raised a colorable due process claim. He asserts that the IJ "violated [his] right of due process by clearly expediting the proceedings[,]" but the true nature of his objection is to IJ's exercise of discretion. See Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under

---

[4] In addition, although the BIA has held that the 30-day deadline for filing a notice of appeal is subject to equitable tolling, In re Morales-Morales, 28 I. & N. Dec. 714, 716 (BIA 2023), such tolling was not warranted here. De La Cruz-Leonardo has not identified "some extraordinary circumstance [that] prevented timely filing" of an appeal. Id. at 717.

[§ 1252(a)(2)(D)]."); see also Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010) (holding that criminal alien's argument that "the IJ abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider.").

For the foregoing reasons, we will deny the petition for review in part and dismiss it in part.[5]

---

[5] De La Cruz-Leonardo's "Motion to Reiterate the Petitioner's Respectful Request for the Honorable Court to Appoint Him Counsel" is denied.